UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 03-0324** |
| **TYRONE BROOKS** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Tyrone Brooks's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**. (Document #69.)

### I. BACKGROUND

On August 23, 2004, Tyrone Brooks pleaded guilty to counts one through six of a seven-count indictment: conspiracy to distribute cocaine base (count one); distribution of cocaine base aiding and abetting (counts two and three); and being a felon in possession of a firearm (counts four, five, and six).

On November 11, 2007, and on December 8, 2004, Brooks appeared for sentencing and moved to withdraw his plea of guilty. The court questioned the defendant and counsel and permitted the defendant to present evidence to support his objections to the presentence report. The motion t withdraw the plea was denied, the objections were overruled. The court imposed a sentence of imprisonment of 300 months and a term of supervised release of five years.

Brooks filed a notice of appeal from the December 13, 2004, order denying the motion to

withdraw his guilty plea, but not from the judgment and commitment entered on December 10, 2004. The appeal was dismissed for want of prosecution on February 25, 2005. Brooks filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, on December 9, 2007.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on § 2255 motions. See United States v. Riggs, 314 F.3d 796, 798 (5th Cir. 2002). Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> . . . .

Because Brooks's conviction became final after the enactment of the AEDPA, the one-year limitations period applies to him. Because Brooks did not appeal his conviction and sentence, his conviction became final on December 20, 2004. Brooks filed his § 2255 motion on December 21, 2007, more than one year after his conviction became final. Accordingly, the motion to vacate, set aside, or correct sentence is denied as untimely. Because the § 2255 motion is untimely, the court does not address Brooks's grounds for relief.

New Orleans, Louisiana, this 30th day of May, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE