UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 03-324

TYRONE BROOKS                                SECTION: "S"

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Tyrone Brooks's Motion for Appointment of Counsel (Doc. #84) is **DENIED**.

**IT IS FURTHER ORDERED** that Tyrone Brooks's Second Motion for Reduction of Sentence Pursuant to the Fairness in Sentencing Act (Doc. #85) is **DENIED**.

On August 23, 2004, defendant, Tyrone Brooks, pleaded guilty to one court of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and three counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Under the sentencing guidelines, his total offense level was 34, and his criminal history category was VI, which resulted in a sentencing range of 262 to 327 months imprisonment. On December 9, 2004, Brooks was sentenced to 300 months imprisonment.

In 2008, Brooks's case was reviewed for a sentence reduction due to a retroactive amendment to the cocaine base sentencing guidelines. This court found that his adjusted total offense level was 32, and his criminal history category was VI, which resulted in a revised

sentencing range of 210 to 262 months imprisonment. On October 2, 2008, this court reduced Brooks's sentence to 240 months imprisonment.

The Fairness in Sentencing Act of 2010 amends several subsections of 21 U.S.C. § 841 to decrease the criminal penalties for particular cocaine base offenses. On November 1, 2011, the United States Sentencing Commission enacted retroactive sentencing guidelines that conform to the Act. In December 2011, Brooks filed a motion for a sentencing reduction pursuant to the Act. On February 23, 2012, this court denied Brooks's motion finding that he was ineligible for a sentencing reduction because he was an armed career criminal within the meaning of U.S.S.G. § 4B1.4(b), which set his offense level at 32, regardless of the amount of cocaine base.

On March 12, 2012, Brooks filed a second motion for reduction under the Fairness in Sentencing Act, and a motion for the appointment in counsel. Because this court has determined that the defendant is ineligible for a sentence reduction under the Act, his motion for the appointment of counsel and his repetitive motion for sentence reduction are DENIED.

New Orleans, Louisiana, this  19th  day of June, 2012.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**