## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                       **NO.03-324**

**TYRONE BROOKS**                                **SECTION "S"**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Tyrone Brooks's Successive Motion to Correct Sentence under 28 U.S.C. § 2255 is **GRANTED**, and Brooks's prior sentence is **VACATED**.

**IT IS FURTHER ORDERED** that a resentencing hearing will be held on April 27, 2017, at 2:00 p.m.

**IT IS FURTHER ORDERED** that the United States Probation Office prepare an addendum to the presentence investigation report.

### BACKGROUND

This matter is before the court on Tyrone Brooks's motion to vacate, set aside or correct his sentence brought under 28 U.S.C. § 2255.  Brooks argues that under Johnson v. United States, 135 S.Ct. 2551 (2015), the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), no longer applies and he is entitled to have his sentence vacated.

On August 23, 2004, Brooks, pleaded guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and three counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The presentence investigation report showed that Brooks had an extensive criminal history including convictions for simple burglary in Louisiana, robbery in Washington, armed robbery in Louisiana, and purse snatching in Louisiana. The court applied the ACCA and U.S.S.G. § 4B1.4, which tracks the language of the ACCA and provides specific

guidelines for ACCA cases.  Under the sentencing guidelines, Brooks's total offense level was 34, and his criminal history category was VI, which resulted in a sentencing range of 262 to 327 months imprisonment.  On December 9, 2004, Brooks was sentenced to 300 months imprisonment as to all counts to be served concurrently.

On December 9, 2007, Brooks filed his first motion to vacate, set aside, or correct sentence pursuant to § 2255.  This court denied the motion finding that it was untimely because it was filed more than one year after his conviction became final.

In 2008, Brooks's case was reviewed for a sentence reduction due to a retroactive amendment to the sentencing guidelines applicable to convictions involving cocaine base.  This court found that Brooks's adjusted total offense level was 32, and his criminal history category was VI, which resulted in a revised sentencing range of 210 to 262 months imprisonment.  On October 2, 2008, this court reduced Brooks's sentence to 240 months imprisonment.

The Fairness in Sentencing Act of 2010 (the "Act") amended several subsections of 21 U.S.C. § 841 to decrease the criminal penalties for particular cocaine base offenses.  On November 1, 2011, the United States Sentencing Commission enacted retroactive sentencing guidelines that conform to the Act.  In December 2011, Brooks filed a motion for a sentencing reduction pursuant to the Act.  On February 23, 2012, this court denied Brooks's motion finding that he was ineligible for a sentencing reduction because he was an armed career criminal within the meaning of U.S.S.G. § 4B1.4(b), which set his offense level at 32, regardless of the amount of cocaine base involved.

On June 20, 2016, Brooks filed in the United States Court of Appeals for the Fifth Circuit a motion for authorization to file a successive § 2255 motion to raise a claim related to the new precedent set by the Supreme Court of the United States in Johnson, which found that part of the ACCA was unconstitutional.  On June 25, 2016, Brooks filed in the United States District Court

for the Eastern District of Louisiana the present motion to vacate, set aside or correct his sentence.[1] Thereafter, this court granted Brooks's motion to hold in abeyance his § 2255 motion until the appellate court ruled on his motion for authorization.  On August 22, 2016, the United States Court of Appeals for the Fifth Circuit granted Brooks's motion to file a successive § 2255 motion as to the Johnson claim.[2]

    In the present § 2255 motion, Brooks argues that his sentence should be vacated and that he should be resentenced without the application of the ACCA, because in light Johnson, he does not have three predicate offenses under the ACCA and it no longer applies.    The government argues that Brooks's motion should be denied because he still has at least three predicate offenses that warrant the application of the ACCA.

## ANALYSIS

    Pursuant to § 2255, a prisoner in custody under a federal court sentence may seek relief on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or, (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. If the district court determines that a petitioner is entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions

---

[1]  It is undisputed that Brooks's current § 2255 motion was timely filed.  Section 2255(f)(3) provides that the one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Johnson was decided by the Supreme Court on June 26, 2015.  Thus, Brooks's current § 2255 motion, which was filed on June 25, 2016, was timely filed.

[2]  In a *pro se* filing, Brooks also raised an ineffective assistance of counsel claim.  The United States Court of Appeals for the Fifth Circuit did not grant Brooks authorization to pursue that claim in this successive § 2255 motion. Therefore, Brooks's ineffective assistance of counsel claim is DISMISSED.

of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).

The ACCA provides for a mandatory minimum sentence of 15 years of imprisonment when a defendant has three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as any crime punishable by imprisonment for a term of more than one year that –

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

<u>Id.</u> at § 924(e)(2)(B). Section 4B1.4 of the United States Sentencing Guidelines contains special offense level and criminal history category provisions applicable to defendants that are subject to the ACCA.[3]

---

[3]  U.S.S.G. 4B1.4 provides:

> (a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

> (b) The offense level for an armed career criminal is the greatest of:

>> (1) the offense level applicable from Chapters Two and Three; or

>> (2) the offense level from § 4B1.1 (Career Offender) if applicable; or

>> (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. 5845(a); or (B) 33, otherwise.

> (c) The criminal history category for an armed career criminal is the greatest of:

In Johnson, the Supreme Court of the United States held that the residual clause of the ACCA, which provided that "violent felonies" include crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague because it did not give ordinary people fair notice of the conduct that it punished and "invite[d] arbitrary enforcement by judgment." Johnson, 135 S.Ct. at 2557. However, Johnson did not affect the application of the ACCA to the enumerated offenses of burglary, arson, extortion or use of explosives, or to crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at 2563.

Brooks argues that post-Johnson, the ACCA no longer applies to him because has not been convicted of three crimes that meet the ACCA's definition of a "violent felony." Brooks argues that the predicate offenses on which the court based the application of the ACCA, simple burglary in Louisiana, robbery in Washington, armed robbery in Louisiana, and purse snatching in Louisiana, fell under the ACCA's residual clause because they do not meet the ACCA's other definitions of a "violent felony." Thus, Brooks argues that his sentence is unconstitutional because he no longer has prior convictions for three "violent felonies" as defined by the ACCA.

---

(1) the criminal history category from Chapter Four, Part A (Criminal History), or § 4B1.1 (Career Offender) if applicable; or

(2) Category VI, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or

(3) Category IV.

### A.    Louisiana Purse Snatching Conviction

In 1990, Brooks was convicted of purse snatching in Louisiana. Brooks argues, and the government agrees, that Brooks's Louisiana conviction for purse snatching does not qualify as a "violent felony" under the ACCA.  Thus, the ACCA will not apply if one of Brooks's other three predicate offenses is no longer covered by the ACCA post-Johnson.

### B.    Washington Robbery Conviction

In 1979, Brooks was convicted of robbery in King County Superior Court, Seattle, Washington.  "Robbery" is not an enumerated offense in the ACCA.  Thus, for "robbery" to qualify as a "violent felony" under the ACCA it must meet the requirements of the "elements clause" found in 18 U.S.C. 924(e)(2)(B)(i); that is it must be punishable by a term of imprisonment exceeding one year and have "as an element the use, attempted use, or threatened use of physical force against the person of another." In other words, the elements of the crime must require proof of the use of "physical force" which is "violent force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 130 S.Ct. 1265, 1270-71 (2010).

The court applies the "categorical approach" to determine whether a state statute of conviction fits within the ACCA's definition of a "violent felony." Descamps v. United States, 133 S.Ct. 2276, 2283 (2013).  Using the "categorical approach," the court compares the elements of the state offense to the elements of the generic offense, and the prior state conviction "qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. at 2282.

When a state statute is "overbroad" in that it criminalizes more conduct than the elements of the generic offense, the court must determine if the state statute is "indivisible" or "divisible." United States v. Dixon, 805 F.3d 1193, 1196 (9th Cir. 2015).  An "indivisible" "statute sets out a single . . . set of elements to define a single crime[,]" but it may "enumerate[] various factual means of committing a single element." Mathis v. United States, 136 S.Ct. 2243, 2248-49 (2016).  A "divisible" statute "may list elements in the alternative, and thereby define multiple crimes." Id. at 2249.

"Generic robbery" is defined as "'aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person.'" Dixon v. United States, 805 F.3d 1193, 1199 n.4 (9th Cir. 2015) (quoting United States v. Becerril-Lopez, 541 F.3d 881, 890-91 (9th Cir. 2008); see also United States v. Santiesteban-Hernandez, 469 F.3d 376, 380 (5th Cir. 2006).  Section 9A.56.190 of the Revised Code of Washington defines robbery as follows:

> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Post-Johnson, numerous courts have found that Washington's robbery statute does not qualify as a predicate conviction under the ACCA's elements clause.  See  Lee v. United States, 2017 WL 387391, at *6-7 (W.D. Wash. Jan. 27, 2017); United States v. Bercier, - - - F.3d - - -, 2016 WL 3619638, at *7 (W.D. Wash. June 24, 2016); Lilley v. United States, 2016 WL 6997037,

at *17-20 (W.D. Wash. Nov. 30, 2016); <u>Dietrick v. United States</u>, 2016 WL 4399589, at *4 (W.D. Wash Aug. 18, 2016); <u>United States v. Navarro</u>, 2016 WL 1253830, at *6 *(E.D. Wash. Mar. 10, 2016); <u>United States v. Kleckner</u>, 2016 WL 6089820, at *3 (E.D. Wash. July 11, 2016); <u>Haffner v. United States</u>, 2016 WL 6897812 (W.D. Wash. Nov. 23, 2016).  These courts concluded that Washington's robbery statute does not qualify as a "violent felony" under the ACCA's elements clause because the use of physical force against a person is not a necessary element of the crime.  <u>See</u> <u>Lee</u>, 2017 WL 387391, at *7.  Further, the courts found that the statute was overbroad and indivisible. <u>See</u> <u>Kleckner</u>, 2016 WL 6089820, at * 4.

The government argues that, although Washington's robbery statute does not fit the ACCA's element's clause, it is a "violent felony" under the ACCA because it could be considered extortion, one of the enumerated offenses.  "Generic" extortion" is defined as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." <u>Scheidler v. Nat'l Org. for Women, Inc.</u>, 123 S.Ct. 1057, 1068 (2003).  Applying the "categorical approach" and determining that Washington's robbery statute is overbroad and indivisible, numerous courts have concluded that Washington's robbery statute is not generic extortion and therefore, not an ACCA predicate offense. <u>See</u> <u>Bercier</u>, - - - F.3d - - -, 2016 WL 3619638, at *7-8; <u>Kleckner</u>, 2016 WL 6089820, at * 4, H<u>affner v. United States</u>, 2016 WL 6897812, at *7-8.

The relevant jurisprudence establishes that Washington's robbery statute is not an ACCA predicate offense.  Therefore, Brooks does not have three prior convictions for "violent felonies"

necessary which are necessary to apply the ACCA.[4]  Brooks's §2255 motion is GRANTED, and is sentence is VACATED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Tyrone Brooks's Successive Motion to Correct Sentence under 28 U.S.C. § 2255 is **GRANTED**, and Brooks's prior sentence is **VACATED**.

**IT IS FURTHER ORDERED** that a resentencing hearing will be held on April 27, 2017, at 2:00 p.m.

**IT IS FURTHER ORDERED** that the United States Probation Office prepare an addendum to the presentence investigation report.

New Orleans, Louisiana, this   3rd  day of February, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[4]  It is unnecessary to discuss whether Brooks's convictions for burglary and armed robbery in Louisiana qualify as ACCA predicate offenses.